UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BASIL J.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 2:26-cv-00117-TMC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff alleges the Administrative Law Judge ("ALJ") erred by finding Plaintiff was not disabled. Dkt. 9.

After considering and reviewing the record, the Court concludes the ALJ did not err in finding Plaintiff not disabled. The Court accordingly AFFIRMS the Commissioner's final decision in this matter.

## II. PROCEDURAL HISTORY

Plaintiff's application for DIB pursuant to 42 U.S.C. § 423 (Title II) and SSI pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. Administrative Record ("AR") 125–62. Plaintiff's hearing was held before ALJ Laura Valente

on February 18, 2025. AR 99–124. On March 17, the ALJ issued a written decision in which she concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 14–30. The Appeals Council denied Plaintiff's request for review on November 14, 2025. AR 1–3. Plaintiff appealed the ALJ's decision, filing a complaint in this Court on January 13, 2026. Dkts. 1, 3. Defendant filed the sealed administrative record on March 23, 2026. Dkt. 6. Both parties have submitted additional briefing on the issues. Dkts. 10, 11.

## III. BACKGROUND

Plaintiff was born in October 1991 and was 31 years old on the alleged date of disability onset of January 1, 2019. AR 17, 24. Plaintiff has a high school education. AR 24. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairment of diabetes mellitus. AR 19. However, the ALJ found Plaintiff was not disabled because he had the following residual functional capacity ("RFC"):

> to perform light work as defined in 404.1567(b) and 416.967(b) except the claimant can sit, stand, and/or walk for 6 hours in an 8-hour day. The claimant can never climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to hazards.

AR 21–22.

## IV. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). In Plaintiff's opening brief, Plaintiff raises two issues: whether the ALJ properly evaluated (1) Plaintiff's hearing testimony; and (2) the medical evidence. Dkt. 9.

**A. Plaintiff's testimony**

When an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged—and there is no affirmative evidence of malingering—the ALJ can only discount the claimant's testimony on symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Plaintiff testified that, at the time of the hearing, he was working a part-time job at a window and door installation service and that his hours were limited by his diabetes symptoms. AR 103–04. Specifically, Plaintiff testified that he averages only three to four hours of sleep each night, that he needs to correct blood sugars in the middle of the night, and that he suffers from "[s]evere inflammation, neuropathy, dizziness, infusions . . . chronic fatigue, [and] chronic pain." AR 104–05. Plaintiff testified that he needs to take extra breaks "every shift" because of "extreme pain" due to inflammation and that he can only stand for two hours at a time. AR 113–14. He also testified that he experiences confusion and headaches when his blood sugars are too high or too low, and that this makes him unable to concentrate on his work tasks. AR 114.

The ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 22. The ALJ pointed to evidence showing that many of Plaintiff's diabetes symptoms "appear to be directly related to medication non-compliance as when he is complaint [sic] his lab wor[k]s show sugars and A1C levels well-controlled." AR 23 (citing AR 373–74, 602). The ALJ then cited physical exams "with no evidence of diabetes-

related symptoms" and concluded that the record supports Plaintiff being able to work at the light exertional level with some restrictions. *Id*.

Here, the ALJ properly found that many of Plaintiff's symptoms were controlled by medication. Impairments that can be controlled with medication are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff's symptoms from diabetic ketoacidosis ("DKA") were minimized when he complied with his insulin doses. *See* AR 373–74 (noting that Plaintiff was compliant with medications, experienced no recent hypoglycemic episodes, and his blood glucose levels were "in acceptable control" during the day); AR 671 ("Blood sugars have been largely well controlled.").

When Plaintiff experienced DKA symptoms, his providers indicated these symptoms may have been caused by medication noncompliance. *See* AR 407 ("Underlying cause is not clear. There may be an element of noncompliance. He states that his last dose of insulin was at 4 PM yesterday and he had run out so he did not get his evening dose"); AR 411 ("Patient is a known insulin dependent diabetic who presents w/ intractable vomiting and abdominal pain in the setting of severe hyperglycemia and ketoacidosis, most likely precipitated by noncompliance"); AR 424 ("Required lots of Diabetic education, however still concerned he may not be most compliant on discharge"); AR 658 ("He had recent episode of DKA . . . He is still not checking sugar during the day as often.").

Plaintiff testified that he had difficulty taking his insulin because, as a Type 1 diabetic, "there's no perfect science to it" and "to even try you have to pretty much be a mathematician." AR 105. Plaintiff explains in his opening brief that he suffers from diabetes with "highly fluctuating blood sugars." Dkt. 10 at 2 (citing AR 754, 759). While the Court acknowledges that it is difficult for Plaintiff to effectively and consistently medicate, the fact that he experienced significantly reduced symptoms while medicating was a specific, clear, and convincing reason

for the ALJ to disregard his testimony. *See Leech v. Bisignano*, No. 24-5218, 2025 WL 3110641, at *3 (9th Cir. Nov. 6, 2025) ("Because Leech 'fail[ed] to follow prescribed treatment' for his seizures at times, the ALJ reasonably discounted his symptom testimony." (quoting *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)).

**B. The August 2024 Evaluation by Isha Shrestha, M.D.**

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. See 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(b)–(c), 416.920c(b)–(c).

Dr. Isha Shrestha, Plaintiff's treating physician, completed a medical opinion questionnaire regarding Plaintiff on August 16, 2024. AR 742, 778. Dr. Shrestha stated that Plaintiff suffers from Type 1 diabetes and that he could experience "pain or fatigue severe enough to interfere with attention, concentration and persisting at tasks" for about 20 percent of an eight-hour period. AR 778. She found that he would be limited to two to four hours of standing and walking, could only sit for four to six hours, and would need to recline for one to two hours in an eight-hour workday—each depending on his glucose levels and how often he experiences hypoglycemia or hyperglycemia. AR 779. She further found that Plaintiff's condition requires him to take one or more unscheduled work breaks of 15 minutes or more during a typical eight-hour workday. AR 780.

The ALJ found the opinion unpersuasive for the same reason that she discredited Plaintiff's testimony. *See* AR 23 (finding the opinion "inconsistent with the longitudinal record

that shows a single instance of diabetic ketoacidosis due entirely to medical non-compliance on the part of the claimant; otherwise, blood sugars and A1c readings were well-controlled with the claimant's proper use of his insulin pump."). Plaintiff's improvement with medication and his failure to adhere to his prescribed treatment were valid reasons for the ALJ to reject Dr. Shrestha's prescribed limitations. *Warre*, 439 F.3d at 1006; *see Fick v. Astrue*, No. 2:11-CV-00905-KJN, 2012 WL 3993497, at *9 (E.D. Cal. Sept. 11, 2012) (affirming an ALJ's rejection of a doctor's opinion because "plaintiff's diabetes and blood pressure were generally well controlled with medication.").

## V. CONCLUSION

Based on these reasons and the relevant record, the Commissioner's final decision is AFFIRMED, and this case is DISMISSED with prejudice.

Dated this 15th day of September, 2026.

Tiffany M. Cartwright
United States District Judge